# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Remanded by Supreme Court October 16, 2000

## STATE OF TENNESSEE v. CHESTER LEBRON BENNETT

**Appeal from the Criminal Court for Hamilton County**
**Nos. 216721 - 216725      Stephen M. Bevil, Jr., Judge**

---

**No. E2000-02735-CCA-RM-CD**
**December 6, 2000**

---

This case presents an appeal to this court after remand by order of the Tennessee Supreme Court. The Appellant, Chester Lebron Bennett, pled guilty to five counts of criminal exposure to HIV and was sentenced to five concurrent four-year Department of Correction sentences. This court, on direct appeal, remanded the case to the trial court for consideration of alternative sentencing. See State v. Chester Lebron Bennett, No. 03C01-9810-CR-00346 (Tenn. Crim. App. at Knoxville, July 28, 1999), perm. to appeal granted, (Tenn. Oct. 16, 2000). Subsequent to this court's decision, the supreme court released its decision in the case of State v. Daryl Hooper, No. M1997-00031-SCR-11-CD (Tenn. at Nashville, Sept. 21, 2000) (*for publication*). In State v. Daryl Hooper, the court announced new sentencing considerations regarding the need for deterrence as grounds for denying an alternative sentence. In light of its decision in State v. Daryl Hooper, the court remanded the case to this court for reconsideration. See State v. Chester Lebron Bennett, No. E1998-00614-SC-R11-CD (Tenn. at Knoxville, Oct. 16, 2000). After revisiting this issue under the standards announced in State v. Daryl Hooper, we affirm the trial court's denial of alternative sentencing.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, J., joined. JOHN H. PEAY, J., not participating.

Ardena J. Garth, District Public Defender, and Donna Robinson Miller, Asst. Public Defender, for the Appellant, Chester Lebron Bennett.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Erik W. Daab, Assistant Attorney General, William H. Cox III, District Attorney General, and Claire H. Brant, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION ON REMAND

The Appellant, Chester Lebron Bennett, pled guilty to five counts of criminal exposure to HIV (Human Immunodeficiency Virus), a class C felony. See TENN. CODE ANN. § 39-13-109(a)(1) (1997). The plea agreement provided that the Appellant's sentences would run concurrently; however, both the length and manner of service of the sentences were submitted to the trial court for determination. Finding that the seriousness of the offense and the need for deterrence warranted a sentence of total confinement, the trial court denied any alternative sentencing option and sentenced the Appellant to five four-year sentences to be served in the Department of Correction. The Appellant appealed and this court reversed the trial court's sentencing decision, finding that the record failed to reflect proof sufficient to necessitate a sentence of total confinement. Accordingly we concluded that the trial court erred by failing to consider alternatives to a sentence of total confinement. See State v. Chester Lebron Bennett, No. 03C01-9810-CR-00346 (Tenn. Crim. App. at Knoxville, Jul. 28, 1999). In finding the sentencing decision erroneous, this court relied upon prior case law in concluding that the record failed to demonstrate that the incarceration would "provide an effective deterrent to others likely to commit similar offenses." TENN. CODE ANN. § 40-35-103(1)(B) (1997). The State then filed an application for permission to appeal to the supreme court. After granting permission to appeal, the supreme court remanded this matter to our court for reconsideration of the issue of alternative sentencing in light of its recent opinion in State v. Daryl Hooper, No. M1997-00031-SCR-11-CD (Tenn. at Nashville, Sept. 21, 2000) (*for publication*), which was decided approximately eighteen months after this court's reversal of the matter *sub judice*. See State v. Chester Lebron Bennett, No. E1998-00614-SC-R11-CD (Tenn. at Knoxville, Oct. 16, 2000).

**State v. Daryl Hooper**

In State v. Daryl Hooper, No. M1997-00031-SCR-11-CD, our supreme court examined inconsistencies in the application of "deterrence" by sentencing courts when used to deny alternative sentencing as provided by TENN. CODE ANN. § 40-35-103(1)(B). In an attempt to reconcile these inconsistencies, the court held that, although "the record must contain some proof of the need for deterrence. . . ," because of the imprecise science of deterrence, the decision of the sentencing court that confinement is necessary based on a need for deterrence will be presumed correct on appeal "so long as any reasonable person looking at the entire record could conclude that (1) a need to deter similar crimes is present in the particular community, jurisdiction, or in the state as a whole, and (2) incarceration of the defendant may rationally serve as a deterrent to others similarly situated and likely to commit similar crimes." State v. Daryl Hooper, No. M1997-00031-SCR-11-CD (*footnote omitted*).

To "ensure greater consistency in this aspect of sentencing" and to "facilitate more meaningful appellate review," the court specifically enumerated five factors to be considered when deciding whether a need for deterrence is present and whether incarceration is "particularly suited" to achieve that goal:

1) Whether other incidents of the charged offense are increasingly present in the community, jurisdiction, or in the state as a whole.

2) Whether the defendant's crime was the result of intentional, knowing, or reckless conduct or was otherwise motivated by a desire to profit or gain from the criminal behavior.

3) Whether the defendant's crime and conviction have received substantial publicity beyond that normally expected in the typical case.

4) Whether the defendant was a member of a criminal enterprise, or substantially encouraged or assisted others in achieving the criminal objective.

5) Whether the defendant has previously engaged in criminal conduct of the same type as the offense in question, irrespective of whether such conduct resulted in previous arrests or convictions.

State v. Daryl Hooper, No. M1997-00031-SCR-11-CD. In addition to these factors, the court emphasized that the five factors are neither exhaustive nor conclusive. Id. In other words, the sentencing court may consider additional non-enumerated factors provided that (1) the sentencing court specifically recites these factors on the record and (2) these additional factors are supported by "at least some proof." Id. Additionally, in concluding the need for deterrence exists, the sentencing court need not find that all five factors are present. Id.

### Need for Deterrence in the Present Case

The Appellant's convictions arise from five separate, consensual, and unprotected sexual encounters with the same female victim between April 29, 1997, and May 3, 1997. The victim was first alerted to the Appellant's HIV status when she discovered medication that he inadvertently left at her home. When she questioned him about the medication, the Appellant informed her that it was part of his treatment for lung cancer. Shortly thereafter, the victim doubted the Appellant's explanation and contacted a pharmacist. The pharmacist informed her that the medication was for treatment of HIV/AIDS. The victim confronted the Appellant with the information and he finally admitted that he was HIV positive.

The thirty-one-year old Appellant testified that he had contracted HIV through a sexual relationship with a former girlfriend who failed to tell him of her infection with the virus. The Appellant did not learn of his HIV status until August 1996. The Appellant admitted that he did not inform the victim of his HIV status because "[he] didn't want to deal with the rejection" and he was in denial regarding his infection. Fearful for her safety, the victim immediately terminated her relationship with the Appellant. Five months later, the Appellant married Allene Bennett, whom he had known for five years. Before their marriage, the Appellant advised Ms. Bennett that he was infected with HIV.

Upon *de novo* review of the record and affording the presumption of correctness to the trial court's finding regarding deterrence, we cannot conclude, under the guidance provided by the

supreme court in <u>State v. Daryl Hooper</u>, that the trial court acted unreasonably in ordering confinement based on deterrence grounds. There is little doubt from the record that the Appellant's crimes were the result of intentional and knowing conduct in order to satisfy his sexual desires without regard to the well-being of the victim. <u>See</u> <u>State v. Daryl Hooper</u>, No. M1997-00031-SCR-11-CD (factor (2)). Additionally, testimony at the sentencing hearing revealed the common behavioral patterns of persons inflicted with the HIV virus. One common behavior is the problem accepting one's HIV positive status. The "denial" is more likely than not the result of the societal "stigma" placed on AIDS victims and the desire to avoid the "stigma." This general reaction of denial combined with society's general ignorance of the prevalence of the virus in today's society will inevitably result in increased incidents of the offense charged in the present case. <u>See</u> <u>State v. Daryl Hooper</u>, No. M1997-00031-SCR-11-CD (factor (1)). Finally, the record at the sentencing hearing also indicates that the Appellant's case was given publicity by the media beyond that normally expected in the typical case. <u>See</u> <u>State v. Daryl Hooper</u>, No. M1997-00031-SCR-11-CD (factor (3)). Under the pronouncement of our supreme court in <u>State v. Daryl Hooper</u>, we conclude that the evidence is sufficient to support the Appellant's incarceration based solely upon deterrence grounds.

For the reasons set forth herein, we affirm the sentence of total confinement imposed by the trial court.

_____
DAVID G. HAYES, JUDGE